The Honorable Don R. House State Representative P.O. Box 505 Walnut Ridge, AR 72476-0505
Dear Representative House:
You have requested my opinion on the following questions:
 (1) Must a county circuit clerk maintain in bound books, deeds, mortgages, or other instrument in writing, concerning lands and tenements, i.e., grantors and grantees, etc.?
 (2) May a county circuit clerk discontinue recording in "bound written books" and use for recording purposes electronic computer recordings exclusively?
RESPONSE
Question 1 — Must a county circuit clerk maintain in bound books, deeds,mortgages, or other instrument in writing, concerning lands andtenements, i.e., grantors and grantees, etc.?
It is my opinion, as explained more fully below, that the circuit clerk need not maintain property records in "bound books," but may instead maintain such records by electronic means.
Although the county recorder is required to record all instruments concerning property in "a well-bound book," see A.C.A. § 14-15-401 etseq., the clerk is authorized to maintain these records in electronic form. This authority was granted by Act 1061 of 1995, which is now codified at A.C.A. § 13-4-201 et seq. The pertinent provision of that act states:
 The circuit clerks, county clerks, municipal clerks and recorders, and any other public officers whose duty it is to make and maintain court records are authorized to use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, digital compact disc, optical disc, and any other process which accurately reproduces or forms a durable medium for reproducing the original.
A.C.A. § 13-4-201.
The act goes on to permit (with some exceptions) the destruction of original documents that have been electronically recorded:
 When any document is recorded by the means prescribed by § 13-4-201, the original may be destroyed unless the document is over fifty (50) years old and handwritten or has been determined to be of historical value by the Arkansas History Commission. If the paper original does not meet the criteria, the electronically stored document shall be considered the "original" document and shall be treated as such when proffered with the recorder's certification.
A.C.A. § 13-4-204.
 It should be noted that electronically stored records must meet the following criteria:
 When equipment necessary for such methods of recording is used to record court records, it shall meet all of the following requirements:
 (1) The information retained shall be in a usable and accessible format capable of accurately reproducing the original over the time periods specified in § 13-10-101 et seq.;
 (2) Operational procedures shall ensure that the authenticity, confidentiality, accuracy, reliability, and appropriate level of security are provided to safeguard the integrity of the information;
 (3) Procedures shall be available for the backup, recovery, and storage of records to protect those records against media destruction or deterioration and information loss; and
 (4) A retention conversion-review schedule shall be established to ensure that electronically or optically stored information is reviewed for data conversion or recertification at least once every five (5) years or more frequently when necessary to prevent the physical loss of data or technological obsolescence of the medium.
A.C.A. § 13-4-202.
Question 2 — May a county circuit clerk discontinue recording in "boundwritten books" and use for recording purposes electronic computerrecordings exclusively?
Yes. See response to Question 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General